*administrator.* Nonresidents may not nominate an administrator nor act as such.

6. EXECUTORS AND ADMINISTRATORS, § 41*—*how appointment of administrator may be attacked.* The granting of letters of administration to a person is conclusive of his authority as administrator until set aside or annulled in a direct proceeding, and it consequently cannot be attacked in a proceeding by the administrator to sell real estate to pay debts, as such latter proceeding is collateral to that for the appointment of an administrator.

7. EXECUTORS AND ADMINISTRATORS—*when nonresidents properly served by publication of notice and mailing of notices.* Nonresident parties to a proceeding by an administrator to obtain leave to sell real estate to pay debts who are duly served by publication and the mailing of notices in conformity with statute are properly served, and it is unnecessary that the known attorneys of such parties be notified of such proceeding.

8. EXECUTORS AND ADMINISTRATORS, § 426*—*when decree in proceeding by administrator to obtain leave to sell land to pay debts sufficient.* A decree in a proceeding by an administrator to obtain leave to sell real estate to pay debts which was in the language of the statute, *held* not open to objection because it found that the deceased died "having claim or title to the premises sought to be sold," and did not find the actual title to the lands he died seized of.

--------

## A. T. Hooper, Appellee, v. Kaskaskia Live Stock Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed April 21, 1916.

### Statement of the Case.

Action by A. T. Hooper, plaintiff, against Kaskaskia Live Stock Insurance Company, defendant, to recover for the loss of two horses claimed to have been insured by defendant. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHAFEE, CHEW & BAKER, for appellant.

R. C. NEFF, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when finding of trial court not disturbed as unsupported by evidence.* Where a finding of a trial court is based upon conflicting evidence, it will not be disturbed on appeal as unsupported by the evidence, even though the evidence might support a finding to the contrary.

2. INSURANCE, § 439*—*validity of provision in policy for notice of illness of animal.* A provision in a policy of live stock insurance requiring the insured to notify the company without delay of the illness of the animals insured is a reasonable one.

3. INSURANCE, § 436*—*what is effect of failure to give notice of illness of animal.* Where an application for live stock insurance expressly stated that the policy issued thereon should be based upon information and answers contained therein, and the applicant in his answer to a question in the application agreed to notify the company at once in case of sickness or accident, and substantially the same provision was contained in the policy, but the company received no notice of the sickness of the horses insured until after their death, *held* that as a result of the failure to give the required notice, the insurer had the right to return the premium and declare the policy void, and that it was immaterial whether there was a lawful delivery of the policy in question.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.